THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. PABLO CALDERÓN, Defendant and Appellant.

No. 6487.   Argued May 6, 1937.—Decided May 7, 1937.

José C. Aponte for appellant.   R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

██ Pablo Calderón was charged with carrying a pistol, a prohibited weapon. He pleaded not guilty. When the case was called for trial on the 16th of last November, both parties introduced their evidence consisting in the testimony of witnesses.

Upon an examination of that testimony, it is readily observed that as soon as the specific point of the carrying of the weapon came up for investigation, several witnesses for the prosecution avoided stating what they really knew, to the extent that two of them were prosecuted for perjury committed in open court. However, there was one witness, Leopoldo Valentín, who definitely stated that the defendant carried the pistol.

The witnesses for the defense testified that they did not see that the defendant had any weapon whatsoever. The court believed the witness Valentín and convicted the defendant. The latter appealed and assigned in his brief only one error, to wit, that the judgment is against the facts, the evidence, and the law. In his argument under that assignment, he only analizes the evidence relating to the carrying of the weapon. Referring to the witness Valentín, he says:

"The only witness who in our opinion attempts to support the information is the said Leopoldo Valentín who testified that the weapon carried by the defendant was a pistol, without giving further details about the same; while the witness Juan Delgado did not say at the beginning of his testimony whether it was a revolver or a pistol, and finally testified that the defendant did not have any weapon whatsoever.

"Moreover, we wish to point out the fact that if on the night in question the defendant had taken leave to go from the house of Carrasquillo to his own, it is illogical to think that he carried the weapon as charged, and that he fired the same then and there. This being so, application may be made of the remaining part of the doctrine laid down in the cited case of People v. Cartagena, 37 P.R.R. 261, wherein this Hon. Court held that:

" 'Notwithstanding a finding of the trial court against the defendant in adjusting the contradictory evidence, if the testimony of the government's witnesses is improbable and that of those for the defense is logical and complete the judgment will be reversed on appeal.' "

From the evidence for the prosecution as well as that for the defense it clearly apppears that on the occasion of the arrival of a group of persons to have a party at the house where the defendant was, a quarrel with the latter ensued and a firearm was discharged. The doubts arise when an attempt is made to designate the person who fired the shot, or rather the person who unlawfully carried the weapon, for the offense charged is that of carrying a prohibited weapon.

*People* v. *Cartagena, supra,* presented a different situation. Here, on the contrary, the version to the effect that Calderón carried the pistol is favored by logic. The finding of the court is completely justified both by the positive testimony of a witness, which is in itself sufficient, and by all the attendant circumstances disclosed by the evidence.

The judgment appealed from must be affirmed.